LAMBERT *vs.* THE STATE.

The selling of spirituous liquors after nine o'clock on Sunday is indictable, whether the party selling has a license to vend spirituous liquors or not.   The privilege conferred by the license is subject to the restraints imposed by the general law in force when the license is granted. Such a license confers no right to violate the provisions of the Criminal code.—See R. S. 1835, title, "Crimes and Punishments," art. 8, sec. 31, p. 209; *Ibid.*, "Inns and Taverns," p. 316.

APPEAL from St. Louis Criminal Court.

BAY, *Attorney-General, for the State.*

1. The act of March 18th, 1835, concerning " Inns and Taverns," so far as the same relates to the selling of wines or spirituous liquors, was virtually repealed by

JANUARY TERM, 1844. 493·

Lambert vs. The State.—Dameron vs. The State.

the provisions of the act of February 16th, 1641, concerning " Groceries and Dram-shops."

2. The right conferred by the license of the defendant must be exercised in conformity to the existing laws. The license does not confer a right to violate a positive law, but must be exercised subject to all the restraints imposed by law at the time the license was granted.

3. The finding of the jury is warranted by the evidence: indeed, the commission .of the offence is clearly proven. — Art. 8, sec. 31, of the act concerning " Crimes and Punishments," Rev. Stat., p. 209.


NAPTON, J., *delivered the opinion of the Court.*

The appellant was indicted, under the 31st sec. of the 8th art. of the act concerning " Crimes and Punishments," for selling distilled liquors after nine o'clock on Sunday. To this indictment the defendant pleaded not guilty ; and a special plea, setting forth that he was duly licensed to keep an inn and tavern, by virtue of which license he did, on the day and year charged, sell distilled liquors, after nine o'clock in the forenoon of said day, " as diet to travellers and other guests, tarrying and frequenting at the inn and tavern of him, the said defendant," as he was authorized to do by an act entitled, &c.

The State demurred to the special plea, and the court sustained the demurrer. A trial was had upon the issue of " not guilty," and the defendant convicted and fined.

Exceptions were taken to the opinion of the court on the point of law raised by the demurrer, and the correctness of that opinion is the only matter to be determined.

The privilege conferred by a license to retail spirituous and fermented liquors is subject to the restraints imposed by the general law in force when the license is granted. Such a license confers no right to violate the provisions of the criminal code : the judgment of the Criminal Court of St. Louis is, therefore, affirmed.