LOUIS HERRING, Appellant, v. JOHN E. CORDER, Respondent.,

Kansas City Court of Appeals, April 25, 1892.

1.    Replevin: VAGUENESS OF JUDGMENT.   A judgment in replevin "that defendant recover the said ninety-one hogs and three calves, or at his election take a judgment for $442, the value of the property so adjudged to be returned to him," is a substantial compliance with the statute, and when taken with the connection is not so vague as to invalidate it.

2.    ———: OBJECTION TO VERDICT.   Even if the value of each separate article of property ought to be found by the jury in a replevin case, an error in failing so to find is waived, if not objected to at the return of the verdict.

*Appeal from the Saline Circuit Court.*—HON. RICHARD FIELD, Judge.

AFFIRMED.

*Samuel Boyd*, for appellant.

The judgment is erroneous because:   *First.*   It is not in the alternative as required by statute.   The language of the judgment is "that the defendant recover of plaintiff the said ninety-one hogs and three calves, or, at his election, take judgment for the sum of $442." The language of the statute in reference to judgments of this kind is that it shall be "that the plaintiff return the property or pay the value so assessed at the election of defendant."   R. S. 1889, sec. 7490; *State ex rel. v. Dunn*, 64 Mo. 70; Cobbey on Replevin, sec. 1105, p. 631. *Second.*   It does not sufficiently describe the property to be returned, the description being "ninety-one head of hogs and three calves, taken by writ of replevin."

The description of the hogs and calves sued for contained in the petition, answer and order of delivery is "ninety-one head of hogs, consisting of barrows, sows, shoats and pigs," and "three suckling calves." The description in the judgment is not the same as in the pleadings, and no pleading is even referred to for description. The description is too indefinite. Cobbey on Replevin, sec. 1099, p. 628. *Third.* The value of the property is not properly assessed. The ninety-one hogs and three calves are assessed at an aggregate value of $442. The assessment should show the value of the property taken—that is, the value of the hogs, sows, barrows, shoats and pigs—and the value of the calves, specifically and separately. *Gulath v. Goldstein,* 7 Mo. App. 67; *Warehouse v. Johnson,* 85 Ala. 178; s. c., 4 S. Rep. 643; *Black v. Black,* 74 Cal. 520; 16 Pac. Rep. 311; *Lang v. Dougherty,* 74 Tex. 226; *Rose v. Tally,* 15 Wis. 443; Cobbey on Replevin, sec. 1063, p. 605.

*Leslie Orear,* for respondent.

(1) The judgment meets all the requirements of the statutes. R. S. 1889, secs. 7489-90; *Pope v. Jenkins,* 30 Mo. 528; *Chapman v. Kerr,* 80 Mo. 158. (2) It is not contended that the hogs and calves described in the judgment are not the same hogs and calves described throughout the record; the record as a whole sufficiently indicates and points out the specific property to be returned, and that is sufficient to support the judgment. *Coleman v. Reid,* 75 Iowa, 304; s. c., 9 Am. St. Rep. 484. (3) The Missouri statute does not contemplate that the jury shall state an account as to each item of property sought to be recovered in replevin, or that there shall be any finding except as to the aggregate value of the property in controversy; the position contended for would render it next to impossi-

ble to fix values in replevin, so as to allow the success-
ful party to make an intelligent election.   Under our
statute the unsuccessful party found in possession of the
property has no right to return part and reduce the
assessed value *pro tanto*.   R. S. 1889, sec. 7489.   Even
in those states where the statutes require a separate
finding, the failure of the court or jury to make such
finding is waived by the adverse party unless objected
to before the jury is discharged, and opportunity given
to correct the finding and make it conformable to the
statute.   Cobbey on Replevin, secs. 1063–64; *Wing-
field v. Wingfield*, 40 Miss. 369; *Hoeser v. Kraeka*, 29
Tex. 451; *Goldsmith v. Wilson*, 67 Iowa, 662; 35
N. W. Rep. 870; *Blake v. Powell*, 26 Kan. 320.

ELLISON, J.—This is an action of replevin.   The
answer admitted plaintiff was entitled to a portion of
the property, and denied his being so entitled to other
portions.   Judgment was rendered in defendant's favor
for a large part of the property claimed by him in his
answer, and plaintiff appeals.   Many of plaintiff's
points in the case cannot be considered, from the fact
that the bill of exceptions was filed after the expiration
of the time granted him for filing.

On the record proper we find no error justifying a
reversal.   The judgment, "that the defendant recover
of plaintiff the said ninety-one hogs and three calves,
or, at his election, take judgment for the sum of $442,
the value of said property so adjudged to be returned
to him," is a substantial compliance with the statute
requiring the judgment to be in the alternative, though
it is informal.   R. S. 1889, sec. 7490.   As the hogs and
calves had been in other parts of the finding and judg-
ment referred to as having been taken by the writ of
replevin, we think the description of the property is not
so vague as to invalidate the judgment.

I. It is insisted that the finding and judgment should have assessed the value of each hog and calf separately, in order that, if plaintiff returned a part of them, it would be known how to credit the judgment. Without passing on such question we will say that even if the value of each separate article of personal property ought to be found by the jury the error in failing to so find is waived, if not objected to, at the return of the verdict. Cobbey on Replevin, secs. 1063–4.

We find nothing in other objections which we feel would justify us in disturbing the judgment, and it is accordingly affirmed. All concur.