Hopper v. Hopper.

---

SUSAN A. HOPPER, Respondent, v. GEORGE H. HOPPER, Appellant.

84   117
e176s¹127

**Kansas City Court of Appeals, April 2, 1900.**

1. **Husband and Wife: GIFTS: INSTRUCTION.** The husband has a right to give his wife personal property without writing, and such gift is valid against his heirs and executors and an instruction to this effect is approved and held not subject to the criticism that it declared that the husband did give.

2. **Replevin: VERDICT: DAMAGES.** The verdict in replevin which finds for the plaintiff will support a judgment though it does not assess the damages, since the statute requiring such an assessment is for the benefit of the plaintiff and he may waive compliance therewith.

Hopper v. Hopper.

3. ———: ———: ———: APPELLATE AND TRIAL PRACTICE. Where appellant makes no complaint either in a motion for a new trial or in arrest in regard to the sufficiency of the verdict, he can not be heard to complain in. the appellate court.

4. **Jurisdiction:** JUSTICE'S COURT: FILING COMPLAINT IN RE-PLEVIN: APPEARANCE. Lodging a complaint in replevin with a justice of the peace is a sufficient filing though not so indorsed and gives the justice jurisdiction; and where the amount is within the jurisdiction of the circuit court and the parties appear on appeal without objection the court acquires jurisdiction which can not be questioned in the appellate court.

Appeal from the Boone Circuit Court.—*Hon. J. A. Hockaday,* Judge.

AFFIRMED.

*Jas. C. Gillespy* and *W. H. Truitt, Jr.,* for appellant.

(1) The evidence does not sustain the verdict. (2) The court committed error in giving instruction number 1 for plaintiff. This instruction declares his right to give his wife this property, that he did give it to her and that such gift is binding on the heirs, executors and legatees. No other construction than that deceased had a right to make this gift, and that he did give plaintiff the property in controversy, which is binding upon this defendant, can be put upon this instruction. Walters v. Cox, 67 Mo. App. 299, 302; Comer v. Taylor, 82 Mo. 347; Wilkinson v. Eilers, 114 Mo. 252; State v. Mason, 96 Mo. 559. (3) The circuit court acquired no jurisdiction of the property described for the reason that the justice's transcript does not show that the statement and affidavit in claim for possession and delivery was filed with the justice. R. S. 1889, sec. 6174; Wise v. Loring, 54 Mo. App. 264. (4) The verdict is insufficient to support the judgment. It fails to ascertain to what specific property the plaintiff is entitled, and its value. R. S. 1889, sec. 6185; R. S. 1889, sec. 7491; Gulath v. Waldstein, 7 Mo.

App. 66; Munley v. King, 40 Mo. App. 531, 536; State ex rel. v. Dunn, 60 Mo. 70; Fitzhugh v. Wiman, 9 N. Y. 559. The verdict should have been in the alternative as required by section 7490, Revised Statutes of 1889. Herring v. Corder, 49 Mo. App. 380; R. S. 1889, secs. 7491, 7489; Russell v. Barcroft, 1 Mo. 514; Swain v. Roys, 4 Wis. 150.

*Webster Gordon* for respondent.

(1) There is ample and sufficient evidence in this record to sustain the finding and the verdict. The testimony of other witnesses in the case conflicted sharply with that of the appellant; and between the two the jury chose to believe the respondent's witnesses instead of the appellant's, and in such cases the finding of fact by the jury is conclusive on this court. Blanton v. Dodd, 109 Mo. 64; Fulkerson v. Long, 63 Mo. App. 268; Williams v. Railway, 109 Mo. 475; Eswin v. Railway, 96 Mo. 290. (2) The deceased certainly had a right to give his wife the property in controversy without evidencing the gift by any writing and the same is valid and binding on his heirs, executors and legatees. Bettes v. Magoon, 85 Mo. 580; Schooler v. Schooler, 18 Mo. App. 69, loc. cit. 76; Thomas v. Thomas, 107 Mo. 459, loc. cit. 463. (3) It is sufficient under the statute and decisions of our appellate courts if the paper itself, which is the foundation of the action, is found among the original papers in the case. Olin v. Zeigler, 46 Mo. App. 193; Randall v. Lee, 68 Mo. App. 561; Collins v. Kammann, 55 Mo. App. 466: Grubbs v. Cones, 57 Mo. 83. (4) Neither the motion for new trial or in arrest of judgment called the attention of the trial court to the informality of the verdict; that error, if error there be, is waived by the appellant not objecting to it at the return of the verdict. Herring v. Corder, 49 Mo. App. 378; Menne v. Neumeister, 25 Mo. App. 300; Cobby on Replevin, secs. 1063, 1064.

SMITH, P. J.—The plaintiff is the widow and the defendant is the son of J. C. Hopper, deceased. The plaintiff claims to be the owner and entitled to the possession of the two horses in controversy, which she alleges were given to her by her husband in his lifetime. The defendant disputes the plaintiff's ownership and claims to be the owner himself. There was a trial which resulted in judgment for plaintiff.

The evidence was quite conflicting in relation to the gift of the horses by deceased to plaintiff, which was the decisive issue in the case. The jury might very well have found this issue either way.

The plaintiff's first instruction told the jury that the deceased in his lifetime had a right, under the law, to give her (his wife) the horses in controversy without any writing evidencing the gift and the same was valid on his heirs, executors and legatees. The proposition of law thus declared is indisputable in this state. Schooler v. Schooler, 18 Mo. App. 69; McCoy v. Hyatt, 80 Mo. 130. We do not think this instruction is subject to the objection urged by the defendant, that it declares that deceased did give the property in controversy to plaintiff. It no more than declares the right of the deceased to make such a disposition of it. It is somewhat awkward in expression, that is all.

The defendant objects that the verdict is insufficient to support the judgment. It found "the horses in controversy to be the property of the plaintiff," and stopped there. The jury did not, as it doubtless should have done, assess the value of the property and damages for taking the same and injuries thereto. Sec. 6189, R. S. 1889. The verdict as to the property was, we think, sufficiently specific in its description to support the judgment.

The defendant did not in his motion for a new trial or in arrest of the judgment complain of the insufficiency of the verdict. If he was not satisfied with the verdict as to form or

that it did not assess the value of the property, or was not in the alternative, he should have in his motion called the trial court's attention thereto, but failing to do that he can not be heard to make that complaint here.    Herring v. Corder, 49 Mo. App. 378.

The provision of the statute requiring the assessment of the value of the property and damages for the taking and detention thereof was enacted, no doubt, for the benefit of the plaintiff, and no reason is seen why he may not waive the same or why the defendant would be injured by the failure of the jury to make such assessments.    It has been held that a verdict for plaintiff upon a question of title will not be set aside because the jury did not find damages.    Cobby on Replevin, sec. 1074.    The court had jurisdiction of the subject-matter and while the verdict was informal it is not void nor open to attack here by defendant for such informality.

As the value of the property and the damages claimed for the detention thereof and for the injuries thereto exceeded fifty dollars, but did not exceed the maximum jurisdiction of justices of the peace in like cases in the county where the suit was brought, the circuit court had concurrent original jurisdiction with the justice in the action.    Even if the plaintiff's statement and affidavit were not filed before the justice of the peace, as required by section 6174, Revised Statutes 1889, yet if the same were filed in the office of the clerk of the circuit court and the defendant afterwards appeared there and participated in the trial of the cause before that court, as seems to have been the case, the question of jurisdiction of the court over the subject-matter and the parties is not open to question here.    It is not disputed, as we understand it, that the statement and affidavit were lodged with the justice, but the contention is that the same were not filed by that officer.    The lodgment of these papers with the justice though not marked filed by him was a sufficient filing

within the meaning of the statute to confer jurisdiction of the subject-matter. Randall v. Lee, 68 Mo. App. 561, and cases there cited. In any view of the case which may be taken, we can but think that both the justice and the court below had jurisdiction of the subject-matter and of the person of the defendant. Accordingly we think the judgment should be upheld and it is accordingly affirmed. *Ellison, J.,* concurs; *Gill, J.,* not sitting.