THOMAS C. VINING, FOR HIMSELF AND AS ASSIGNEE FOR GEORGE L. VINING, v. JAMES EDWARD PROBST.—186 S. W. (2d) 611.

Kansas City Court of Appeals. March 5, 1945.

*Claude L. Schenck* for appellant.

*Robert M. Murray* for respondent.

SPERRY, C.—This is a suit by Thomas C. Vining, for himself and as assignee of his brother and partner, George L. Vining, plaintiff, against James Edward Probst, defendant, wherein judgment is sought for the sum of $22, balance due on the principal sum of a $50 loan, and for $3 interest thereon. Defendant contended that the terms and conditions of the loan constituted a violation of the provisions of the ''Small Loan Laws'' of Missouri, and that recovery was thereby barred. Trial to the court, a jury having been waived, resulted in judgment for defendant. Plaintiff appeals.

Plaintiff's petition, originally filed in justice court, was the sole pleading upon which the case was tried in circuit court, and is as follows: .

''Comes now the plaintiff and states to the Court that on the tenth day of February, 1942, plaintiff and his assignee loaned to the defendant James Edward Probst the sum of $50. That being so indebted to plaintiff and plaintiff's assignee for said sum of money, the defendant promised to repay the same in monthly installments. Plaintiff further states that the defendant did pay on said indebtedness, the total sum of $28, but has failed and refused to pay the balance of $22; that said sum has been demanded of the defendant.

''Plaintiff further states that he files and institutes this action for and in behalf of himself and also as assignee for his brother George L. Vining.

''Wherefore, plaintiff prays judgment against the defendant in the sum of $22, together with interest at 6% from February 10th, 1942, and for his costs.''

The evidence was to the effect that plaintiff loaned defendant the sum of $50, taking his promissory note therefor in the principal amount of $57.50, bearing interest from date at 8% per annum. The note was to be paid in monthly installments and, in default of any such monthly payment, the whole sum should become due and payable; and in the event suit thereon became necessary an attorney's fee was provided. Defendant paid a number of installments, totaling $28. Plaintiff, testifying in his own behalf, admitted the above facts and stated that he added and included in the principal of the note $7.50

in addition to the $50 actually loaned; that said $7.50 additional was to cover investigation and the hazard of loss.

It is defendant's contention that since the original contract of loan was for a sum less than $300, and since, by the terms of said contract, the interest charged by plaintiff was admittedly in excess of the charge permitted under the provision of the "Small Loan Laws," Article 7, Chapter 39, Revised Statutes Missouri 1939, plaintiff could not maintain an action for recovery of any part of the deed. In support of his contention defendant cites Sections 8150 and 8168, Revised Statutes Missouri 1939, of the "Small Loan Laws," to-wit:

"Section 8150. That no person, co-partnership, or corporation shall engage in the business of making loans of money, credit, goods or things in action, in the amount, or to the value of three hundred dollars ($300) or less, and charge, contract for or receive a greater rate of interest than eight (8) per centum per annum therefor, except as authorized by this article and without first obtaining a license from the commissioner of finance hereinafter called the licensing official.

"Section 8168. No person, co-partnership or corporation, except as authorized by this article, shall directly or indirectly charge, contract for or receive any interest or consideration greater than eight (8) per centum per annum upon the loan, use or forbearance of money, goods, or things in action, or upon the loan, use or sale of credit, of the amount or value of three hundred dollars ($300.00) or less. The foregoing prohibition shall apply to any person who is security for any such loan, use for forbearance of money, goods, or things in action, or for any such loan, use or sale of credit, or who by any devise or pretense of charging for his services or otherwise seeks to obtain a greater compensation than is authorized by this article. *No loan for which a greater rate of interest or charge than is allowed by this article has been contracted for or received, wherever made, shall be enforced in this state, and every person in anywise participating therein in this state shall be subject to the provisions of this article.*" (Emphasis ours.)

The case presented is one of first impression in Missouri and no decision, directly in point, has been cited from any other jurisdiction.

Article 5, Chapter 15, Revised Statutes Missouri 1939, pertaining to the rate of interest to be charged on loans, the "interest laws," known generally as the "usury" statutes, was enacted prior to the enactment of the "Small Loan Laws." Plaintiff contends that the latter apply only to a class of persons making loans of $300 or less; that they do not repeal the general law pertaining to usury; and that the loan involved herein is not governed by the "Small Loan Laws." He contends that the "Small Loan Laws" do not apply to the case pleaded for the reason that he elected to, and did, abandon the note and does not seek to recover on that contract, but seeks judgment only

for the balance due on the original sum of $50 paid to defendant, together with 6% interest thereon, after giving him credit for all sums paid. He states in his brief.

"It was plaintiff's contention in the filing of this suit and in the trial of this case that where two persons entered into an agreement for a loan of money and the borrower agreed to repay said loan by a contract which was usurious under the law, that upon the borrower's defaulting in payments under said usurious contract, the lender or creditor could elect to abandon said contract and sue to recover the original consideration with legal interest, crediting the borrower with all payments made and institute an action under the Money Counts at Common law and recover the principal of said sum remaining unpaid plus interest and cost expended. '

In support of his contention in this regard he cites and relies on Sections 3226 and 3230, Revised Statutes Missouri 1939. Said sections form a part of Article 5, Chapter 15, Revised Statutes Missouri 1939, the interest laws. For a better understanding of the issues we quote these and other related and pertinent sections thereof, as follows:

"Section 3226. Creditors shall be allowed to receive interest at the rate of six per cent per annum, when no other rate is agreed upon, for all moneys after they become due and payable, on written contracts after they become due and demand of payment is made; for money recovered for the use of another, and retained without the owner's knowledge of the receipt, and for all other money due or to become due for the forbearance of payment whereof an express promise to pay interest has been made.

"Section 3227. The parties may agree, in writing for the payment of interest, not exceeding eight per cent per annum, on money due or to become due upon any contract."

Section 3229 prohibits charging or accepting a greater rate of interest than is provided by statute.

"Section 3230. "Usury may be pleaded as a defense in civil actions in the courts of this state, and upon proof that usurious interest has been paid, the same, in excess of the legal rate of interest, shall be deemed payment, shall be credited upon the principal debt, and all costs of the action shall be taxed against the party guilty of exacting usurious interest, who shall in no case recover judgment for more than the amount found due upon the principal debt, with legal interest, after deducting therefrom all payments of usurious interest made by the debtor, whether paid as commissions or brokerage, or as payment upon the principal, or as interest on said indebtedness. . . .

"Section 3231. In actions for the enforcement of liens upon personal property pledged or mortgaged to secure indebtedness, or to maintain or secure possession of property so pledged or mortgaged, or in any other case when the validity of such lien is drawn in question, proof upon the trial that the party holding or claiming to hold

any such lien has received or exacted usurious interests for such indebtedness shall render any mortgage or pledge of personal property, or any lien whatsoever thereon given to secure such indebtedness, invalid and illegal.''

Plaintiff cites and relies on Eichenberg v. Magidson's Estate, 170 S. W. (2d) 105, l. c. 109, where the St. Louis Court of Appeals said:

''The action for money loaned or money lent is one of the money counts in *imdebitatus assumpsit*, and, as its name implies, is the count resorted to for the recovery of money loaned to the defendant. 41 C. J. 2; 4 Am. Jur., Assumpsit, Sec. 19. The agreement to repay may be either express or implied; and even where a note is taken by the lender for the loan, if it is not taken as payment but merely as evidence of the pre-existing debt and to fix the time of payment, the lender may, after default in payment, bring his action upon the original consideration, provided he produces and surrenders the note, if negotiable, or otherwise presents an adequate excuse for its non-production.''

In the *Eichenberg* case one Glickman had loaned Magidson $1450 and had taken his promissory note therefor, with interest at the rate of 5% per annum. Blickman died and the note was lost. Magidson admitted owing the money, but refused to pay unless the note were produced or an indemnifying bond were executed. No question was presented regarding usury. The amount involved was in excess of $300. In those respects the decision is not in point in this case; but it is there held that, as a general rule, under facts there existing, a lender may abandon his note and bring an action upon the original consideration. The court ruled that this was the procedure there followed. But can a lender do likewise in a case such as is here presented? Both parties proceeded on the theory that he cannot do so if the provisions of the ''Small Loan Laws'' govern; and the case was tried and determined on that theory.

The interest and usury statutes, the keystone of which is Section 3230 Revised Statutes Missouri 1939, relied on by plaintiff, were enacted prior to 1879. Chapter 41, Revised Statutes Missouri 1879. The ''Small Loan Laws'' came into existence by an act of Legislature in 1927. Laws of Missouri, 1927, page 252. Although the law as enacted in 1927 was amended in certain respects by Laws of Missouri, 1929, page 201, such amendments are immaterial so far as this case is concerned. The Legislature described the Act as follows:

''AN ACT to license and regulate the business of making small loans, secured or unsecured; permitting a greater rate of interest than eight (8) per centum per annum on loans on the amount or value of three hundred dollars ($300.00) or less, each; prescribing the rate of interest and charge therefor, and penalties for the violation thereof; regulating the assignment of wages or salaries, earned or to be earned, when given as security for any such loan; and repealing

3349 of Article 5, chapter 24, Revised Statutes of Missouri, 1919.''

Section 3349, Revised Statutes Missouri 1919, therein mentioned and repealed, provides as follows:

''When any person, persons, partnership, corporation or corporations or joint stock company shall lend any sum of money, not exceeding five hundred dollars, and shall take any mortgage, deed of trust, or other instrument of writing, upon household or kitchen furniture, sewing machines, wearing apparel, musical instruments, watches or jewelry to secure the repayment thereof, and shall contract for, exact or receive, directly or indirectly, as interest or for the use of the money, loaned, any sum of money or other thing of value in excess of one per cent. per month on the amount actually loaned, or who shall accept or receive any note, bond, bill or other evidence of debt for or on account of such loan, or as an inducement thereto, which shall express on its face a sum to be due or payable in excess of the actual amount so loaned, such bond, bill, note or other evidence of debt, together with any mortgage, deed of trust or other instrument of writing, to secure the same upon such chattels, shall be void and nonenforceable; and any payee or any other person with knowledge thereof, who shall sell, assign, transfer or deliver to any person for a good or valuable consideration any such bond, bill, note or other evidence of debt which shall express on its face a sum due or payable in excess of the sum actually loaned, or who shall transfer any mortgage, deed of trust or other instrument of writing, to secure the same upon such chattels, without stating to such vendee, assignee, or transferee the true amount actually loaned, shall be liable to the purchaser thereof for double the amount named in any such bond, bill, note or other evidence of debt, to be recovered in an action at law, and, in addition thereto, he or they shall be deemed guilty of a misdemeanor, and on conviction thereof, shall be punished by a fine not exceeding five hundred dollars, or by imprisonment in the city or county jail for a term not to exceed six months, or by such fine and imprisonment.''

That section came into being by Legislative enactment, approved March 20, 1897, and, in connection therewith, it was declared to be: ''An act to regulate the loaning of money on chattel mortgages and to provide penalties for the violation thereof.'' Laws of Missouri, 1897, page 202.

From the history of the various sections of the statute above referred to it appears that the usury or interest laws, as amended from time to time, constituted a complete code, and the only civil code, on the subject of interest, from a period prior to 1879, until the law was modified by enactment of a statute designated as ''Mortgages: Chattels,'' (Laws of Missouri, 1897, page 202) wherein the interest rate with reference to a certain specified class of loans, to-wit: $500 or less, secured by chattel mortgage on certain classes of personal

property, was placed at not to exceed 1% per month. The new policy with regard to loans and interest, as stated in that Act, was limited in its scope and coverage; but it had the same general effect of modifying and amending the usury statutes, as does the "Small Loan Laws" if, indeed, it had any force or effect whatever. The "Small Loan Laws" are broader and more compresensive than was the section repealed; but they are, otherwise, similar in character and effect. So far as we have been able to find, said Section 3349, Revised Statutes Missouri 1919, was never adjudged inoperative or void; and in at least one reported decision its provisions were judicially applied. [Riepe v. Vette, 179 S. W. 952.]

The "Small Loan Laws" deal primarily with the subject of interest; but their effect is restricted to loans and credits not exceeding $300 in value or amount. No provision is therein incorporated for the repeal of the general interest laws as they existed in 1927; but existing statutes may be repealed by necessary implication if a later act is so repugnant to the former that the two cannot stand, even though no mention is made of the former act in the later. [State ex rel. Matacia v. Buckner, 254 S. W. 179, 300 Mo. 359, 1. c. 367.] However, repeal by implication is not favored, and both statutes will be permitted to stand if it can be done upon any reasonable construction. [Decker v. Deimer, 129 S. W. 936, 1. c. 948; Gasconade County v. Gordon, 145 S. W. 1160, 1. c. 1163; State ex rel. v. Karbe v. Bader, 78 S. W. (2d) 835, 1. c. 839.] If there be any conflict between two statutes dealing with the same common subject matter, the statute which deals with it in a minute and particular way will prevail over one of a more general nature; and the statute which takes effect at the later date will also usually prevail. Measured by both of these last mentioned rules, the provisions of the "Small Loan Laws" prevail over those of the interest laws. If the later law did repeal the earlier, in part, by implication, it did so only insofar as the two may be in conflict; but, in any event, it is apparent that there are cases, such as that now under consideration, where the provisions of *both* statutes cannot be applied effectively. [State v. Taylor, 18 S. W. (2d) 474, 1. c. 477, 323 Mo. 15.]

If plaintiff's contention be sustained the "Small Loan Laws" are, for practical purposes, of no effect; but under the above rules of construction we think the provisions of the general interest laws and those of the "Small Loan Laws" may be, in a manner, harmonized so as to give effect to the latter and yet leave the former in full effect also, except insofar as they are necessarily modified by the later act. Such a construction results in placing all loans not exceeding $300 in value exclusively within the purview of the "Small Loan Laws"; and all loans involving amounts greater than $300 are exclusively under the regulations provided in Article 5, Chapter 15, Revised Statutes Missouri 1939. Enactment of the "Small Loan

Laws'' had the effect of repealing or modifying the provisions of Article 5, Chapter 15, Revised Statutes Missouri 1939, to the extent necessary in order to give effect to the later law. [State ex rel. Attorney General v. Miller, 13 S. W. 667, 100 Mo. 439, l. c. 446.]

In arriving at the above conclusions we are mindful that among the cardinal canons of construction are the following:

''. . . 3rd. . What remedy the parliament hath resolved and appointed to cure the disease of the commonwealth. And 4th. The true reason of the remedy; and then the office of all the judges is always to make such construction as shall suppress the mischief, and advance the remedy, and to suppress subtle inventions and evasions for the continuance of the mischief, . . . and to add force and life to the cure and remedy, according to the true intendment of the makers of the act, *pro bono publico*.'' [Decker v. Deimer, 129 S. W. 936, l. c. 944.]

Usury is an evil that flourished at common law. From a study of the statutes of this state dealing with the subjects of interest and of usury we learn that the Legislature has endeavored, from early times, to suppress it. Apparently, having learned by expeience that, in practice, the general usury civil statutes then existing and theretofore referred to, were inadequate to cure the evil, it enacted criminal statutes dealing with the subject in 1899. Sections 4812, 4813, Revised Statutes Missouri 1939. Prior to the enactment thereof the taking of usurious interest had never been declared a criminal offense. These statutes have been enforced although they do not follow the terms of the general civil usury statutes.

The Legislature apparently considered the taking of usurious interest on loans not exceeding $500 in amount and secured by chattel mortgage on household goods, etc., especially bad; and it attempted to deal with that class of case by its enactment of 1897. Under the ''Small Loan Laws'' it sought to enact a more comprehensive code on the subject with reference to loans of money and credit not exceeding $300 in value. From the Legislative history of the usury laws we conclude that it was the Legislative intent, in the last mentioned enactment, to deal particularly with interest on loans of the amount mentioned in the ''Small Loan Laws.'' It is our duty to give effect to that intent, not to thwart it, if it is legally possible. The ''Small Loan Laws'' constitute a special code on the subject and, being later than the general usury statutes, constitute an exception to or qualification of the prior existing general statutes dealing with the subject. [City of Springfiedl v. Smith, 125 S. W. (2d) 883, l. c. 885, 344 Mo. 150.] They, therefore, govern in cases within their scope to the exclusion of the general interest and usury statutes.

While the general state of the statutes on this subject invite Legislative study with a view toward simplification, there is no valid reason

why the provisions of the "Small Loan Laws" should not and do not apply to the loan here sued on. Plaintiff is not entitled to recover either the unpaid balance of his loan or interest thereon.

The judgment should be affirmed. *Boyer, C.,* concurs.

PER CURIAM:—The foregoing opinion of SPERRY, C., is adopted as the opinion of the court. The judgment is affirmed. All concur.