**STATE of Missouri, Respondent,**

v.

**Roosevelt HALLIBURTON, Appellant.**

No. 7381.

Springfield Court of Appeals.

Missouri.

Feb. 10, 1955.

**230**

Not to be published in State Reports.

Ted M. Henson, Poplar Bluff, for appellant.

Rex A. Henson, Pros. Atty., of Butler County, Poplar Bluff, for respondent.

McDOWELL, Presiding Judge.

This appeal is from a judgment of the Circuit Court of Butler County finding defendant guilty of a misdemeanor, selling fermented beer on Sunday.

Roosevelt Halliburton was charged by information filed by the Prosecuting Attorney of Butler County in the Magistrate Court with having sold six cans of Stag beer, a fermented liquor, with an alchoholic content not in excess of 3.2 per cent, to one, Louis Johnson, on Sunday at 1:30 p. m.

Defendant was found guilty in the Magistrate Court and fined $25, from which judgment he appealed to the Circuit Court.

A jury was waived and the cause was submitted to the Circuit Court on an agreed statement of facts, as follows:

"On the 18th day of April, 1954, the first day of the week, commonly called Sunday, one Roosevelt Halliburton, at his place of business in Neelyville, Butler County, Missouri, did sell to one Louis Johnson, six cans of Stag beer, a fermented liquor, 'with an alchoholic content not in excess of 3.2 per cent, for a consideration of one dollar and fifty cents, good and lawful currency of the United States of America; that said sale was made at 1:30 P.M. That the said Roosevelt Halliburton was a holder of a 3.2 beer license.' "

Upon this testimony the court found defendant guilty and assessed his punishment at a fine of $25.00. Defendant appealed.

The sole question presented to the appellate court is the sufficiency of the charge to state an offense.

The information charges an offense under section 563.720 RSMo 1949, V.A.M.S., commonly known as the "Sunday Blue Law", which has been on our statute books since 1825. It provides:

"Every person who shall expose to sale any goods, wares or merchandise, or shall keep open any ale or porter house, grocery or tippling shop, or shall sell or retail any fermented or distilled liquor on the first day of the week, commonly called Sunday, shall, on conviction, be adjudged guilty of a misdemeanor and fined not exceeding fifty dollars."

Defendant says that section 563.720, so far as it applies to the sale of 3.2 beer, has been repealed by implication by the Liquor Control Act.

The Liquor Control Act pertaining to nonintoxicating beer is contained in Chapter 312 RSMo 1949, V.A.M.S. Section 312.410 of the Act provides:

"No person having a license under the provisions of this chapter, shall sell, give away or otherwise dispose of, or suffer the same to be done, upon or about his premises, any nonintoxicating beer in any quantity between the hours of one-thirty a. m., and six a. m., and any person violating any provision of this section shall be deemed guilty of a misdemeanor and shall be punished by imprisonment in the county jail for a term of not more than one year, or by a fine of not less than fifty dollars nor more than one thousand dollars or by both such fine and jail sentence."

There is no dispute as to the facts. Defendant had a license to sell nonintoxi-

cating beer. The sale was made on Sunday at 1:30 p. m. There was no violation of the Liquor Control Law.

To sustain defendant's contention that the charge fails to state an offense; that the section of the Blue Law under which the charge is brought was repealed by implication by section 312.410, above set out, defendant cites City of Flat River v. Mackley, Mo.App., 212 S.W.2d 462.

In this case the defendant was convicted of violating a city ordinance of the City of Flat River by selling 3.2 beer. The ordinance made it an offense to sell fermented liquor or beer with alchoholic contents of not less than one half of one per cent by volume nor exceeding 3.2% by weight. It was contended that the ordinance was void because it was not in conformity with the state law.

It is true that the St. Louis Court of Appeals in this decision stated that a proper determination of the question involved requires a consideration of our state laws relating to the sale of intoxicating and nonintoxicating liquor, as well as the respondent-City's ordinance. The opinion then sets out the section of our statute relating to sale of nonintoxicating beer on Sunday, commonly known as the Blue Law and states that this law has regard to Sunday as a day of rest and not as to its religious character, citing State v. Chicago, B. & Q. R. Co., 239 Mo. 196, 143 S.W. 785. It then sets out section 4891, R.S.Mo.1939, as amended by Laws of Missouri 1941, pp. 412, 413, which is now section 311.290 RSMo 1949, of the Liquor Control Act, V.A.M.S.

The court, 212 S.W.2d on page 464, quotes from what is now section 312.410 of the statute, that part which forbids a person having a license under the Liquor Control Act selling any nonintoxicating beer between the hours of 1:30 a. m. and 6:00 a. m.; that the appellant contends the ordinance in question is void because it prevents the sale of 3.2 beer at any time on Sunday which is in conflict with the section under the Liquor Control Act. On page 465 of 212 S.W.2d this statement was made:

"* * * the Legislature did not go that far in Section 4995, supra [Section 312.410 RSMo 1949, V.A.M.S.], relating to nonintoxicating beer. In the last named section the sale of nonintoxicating beer is prohibited only 'between the hours of one-thirty o'clock a. m. and six o'clock a. m.,' without any mention of Sunday. From this comparison of the above sections dealing with intoxicating liquor on the one hand and nonintoxicating beer on the other, it appears that the Legislature intended to provide for every phase of the liquor problem, including Sunday sales of intoxicating liquor as well as sales of nonintoxicating beer.

"Respondent City contends, however, that Section 4742, supra [Section 563.720 RSMo 1949, V.A.M.S.], the general 'Sunday' law, was not impliedly repealed or affected by Section 4995, supra, the State nonintoxicating beer law. State v. Malone, 238 Mo.App. 939, 192 S.W.2d 68, among other cases, is cited by respondent in support of its view.

"It is true that in State v. Malone, supra, Section 4742, supra, the 'Sunday' law, was held to be in full force and effect and not impliedly repealed by Section 4995, supra, the State nonintoxicating beer law. However, State v. Malone, supra, was a prosecution brought by the State against the defendant therein for violation of the State law, Section 4742, supra—the general 'Sunday' law—for selling two pints of beer, a fermented liquor on Sunday. The only question raised in that case was whether or not Article 2 of Chapter 32 of the Revised Statutes of Missouri [Section 312.020 et seq. RSMo 1949, V.A.M.S.], being the 'nonintoxicating beer law,' supra, repealed Section 4742, the general 'Sunday' law, by implication. * * *"

It states that the Springfield Court of Appeals held that section 4995, relating to nonintoxicating beer and section 4742, the general Sunday law, can both be given force and effect without violence to either,

and that the later section 4995 did not, by implication, repeal section 4742.

The opinion states that the conviction under the city ordinance must be affirmed but that the court did not reach its conclusion by virtue of the decision in the Malone case. The court made this statement:

"* * * We feel compelled to say, however, that we do not agree with the view that the State 'nonintoxicating beer' law, Article 2, Chapter 32, supra, had no effect upon Section 4742, supra, the general 'Sunday' law of the State.

"A careful consideration of Section 4950, supra [Section 312.020 RSMo 1949, V.A.M.S.], dealing with 'nonintoxicating beer,' shows that said section, after providing that beer having an alcoholic content of not less than one-half of one per cent by volume nor exceeding 3.2 per cent by weight is declared to be nonintoxicating beer and *may be lawfully manufactured and sold,*' etc., further provides, in the latter part thereof, 'and such manufacture, sale, transportation, and consumption, *shall be exempt from the provisions of chapter 31, Revised Statutes of Missouri, 1929; and exempt, also, from any of the provisions of said chapter and of any other law of this state in conflict with the provisions of this article.*' " (Emphasis ours.)

This statement of the law is directly in conflict with the holding of the Springfield Court of Appeals, State v. Malone, 238 Mo.App. 939, 192 S.W.2d ·68. However, the law as declared by the St. Louis Court of Appeals, holding that the Liquor Control Act is in conflict with section 563.720, commonly known as the "Sunday Blue Law", is obiter dictum.

Nickols v. North Kansas City, 358 Mo. 402, 214 S.W.2d 710, 712. Judge Clark, speaking for the Supreme Court, in this opinion, stated:

"Appellants say that Section 4742, so far as it applies to the sale of 3.2% beer, has been repealed by implication by the Liquor Control Act. It is unnecessary to decide

that point for we believe the ordinances are not dependent for validity upon that section. But see State v. Malone, 238 Mo. App. 939, 192 S.W.2d 68."

This opinion was handed down November 8, 1948, the opinion of the St. Louis Court of Appeals, herein set out, was handed down June 15, 1948, and State v. Malone, 238 Mo.App. 939, 192 S.W.2d 68 was handed down January 11, 1946.

The same question, as involved in the instant case, was directly passed upon in the Malone case. In that case defendant was convicted under the Sunday Blue Law of selling nonintoxicating beer on Sunday. It was contended that this law was repealed by implication by the Liquor Control Act as in the instant case. Judge Vandeventer, speaking for the court, 192 S.W.2d on page 70, stated:

"* * * There is no contention that Section 4742 has been specifically repealed. If Section 4742 has not been repealed the information is sufficient and the motion to quash it should have been overruled. * * *

"Repeal of statutes by implication is not favored. State ex rel. St. Louis Police Relief. Ass'n v. Igoe, 340 Mo. 1166, 107 S.W.2d 929; Graves v. Little Tarkio Drainage Dist. No. 1, 345 Mo. 557, 134 S.W.2d 70; Coleman v. Kansas City, 348 Mo. 916, 156 S.W.2d 644; Lajoie v. Central West Casualty Co. of Detroit, 228 Mo.App. 701, 71 S.W.2d 803.

"The repeal of a statute by a subsequent statute is a question of intention, and there is a presumption against the intention to repeal where express terms are not used. State ex rel. St. Louis Police Relief Ass'n v. Igoe, supra.

"If by any fair interpretation all the sections of the statutes can stand together, there is no repeal by implication. Hull v. Baumann, 345 Mo. 159, 131 S.W.2d 721.

"An act may be repealed by necessary implication, if a later act is so repugnant to the former that the two cannot stand, even though no mention is made of the for-

mer act in the later. Vining v. Probst [239 Mo.App. 157], 186 S.W.2d 611.

"But though two acts are seemingly repugnant they must, if possible, be so construed that the later will not operate as a repeal, by implication, of an earlier one and if they are not irreconcilably inconsistent, both must stand. Graves v. Little Tarkio Drainage District No. 1, supra.

"The repugnancy between the later and the prior statutes must be wholly irreconcilable in order to work a repeal of the prior act. * * *'" (See cases cited.)

It was held in this case that the object of section 4742, commonly known as the "Sunday Blue Law", is to enforce a cessation from labor on one day in seven in order to promote the health, peace and good order of society. The case gives a history of the development of this Act. The same holding was made in Nickols v. North Kansas City, supra.

We think this has long been the settled law in this state. In State v. Malone, supra, 192 S.W.2d on page 71 of the opinion the law is stated:

"Section 4742 does not condemn the sale of fermented liquors because they contain or do not contain alcohol, or because they are intoxicating or nonintoxicating. It is the sale on Sunday that is condemned, because that day is designated by statute as a day of rest. * * *

"In 1935, 110 years after the enactment of Section 4742, the legislature, without mentioning that section, enacted legislation relating to 'nonintoxicating beer.' Art. 2, Chap. 32, R.S.Mo.Ann.1939 [Section 312.020 RSMo 1949, V.A.M.S.]. Clearly the purpose of this enactment was to control by licensing, and otherwise, those who deal in this commodity at all hours on all days, and incidentally, to raise some revenue. It was as effective on Monday as on Sunday. It has nothing to do with a day of rest. It declares that beer having an alcoholic content of not less than one-half of one percent by volume, nor exceeding 3.2 percent by weight is nonintoxicating beer, and may be lawfully manufactured

and sold by a holder of a permit or license. See Secs. 4952, 4952a and 4953 [Sections 312.030, 312.040, 312.110, 312.450, RSMo 1949, V.A.M.S.]. But a license does not permit one to sell on Sunday. State v. Ambs, 20 Mo. 214. Lambert v. State, 8 Mo. 492, 493. The privileges secured by a license do not include the right to disregard any valid existing law. 33 Corpus Juris, Page 534, § 93. Section 4950 states that the permit to sell nonintoxicating beer is subject to 'such regulations as may be provided by law, * * *.' The ordinary merchant has a county and municipal license, yet he comes within the provisions of section 4742.

"A license or permit is not required in order to lawfully sell any beer having less than one-half of one percent by volume. Yet that beer is a fermented liquor. Section 4995 forbids the sale of any nonintoxicating beer between the hours of 1:30 o'clock a. m. and 6:00 o'clock a. m. As stated, this provision is not applicable to Sunday, alone. It applies to each day of the week. Can we say that it is entirely repugnant to Section 4742, which covers the whole 24 hours of Sunday, because Section 4995 merely increases the penalty to sell between 1:30 o'clock a. m. to 6:00 o'clock a. m. of each and every day? It applies to sales of nonintoxicating beer during four and one-half hours each day including Sunday, but it does not provide that the possessor of a license may sell fermented liquors at any other hour on Sunday. If these statutes can be construed to operate together, under the holdings of the courts, that should be done. * * *'"

We, again, call attention to the opinion of the Supreme Court in Nickols v. North Kansas City, supra, 214 S.W.2d at page 712 and we quote:

"The Liquor Control Act is comprehensive, but not all-inclusive, and we so decided in a case cited by appellants, State ex rel. [Hewlett] v. Womach, 355 Mo. 486, 196 S.W.2d 809. The Act itself, section 4954, supra [Sections 312.100, 312.140 RS Mo 1949, V.A.M.S.], expressly grants some power to cities 'for the regulation and con-

trol of the sale of nonintoxicating beer.' Section 7168, supra [Section 79.110 RSMo 1949, V.A.M.S.], recognizes that, under an undefined police power, cities may make reasonable regulations for the good government and welfare of their citizens. Whether due to religious sentiment or to the well recognized fact that one day's rest in seven is beneficial to mankind, it is universally held that the police power authorizes different regulations and restrictions as to the conduct of business on the Sabbath from that permissible on other days. See discussion and citations in City of Springfield v. Smith, 322 Mo. 1129, 19 S.W.2d 1, loc. cit. 4, 5 and in State v. Malone, 238 Mo.App. 939, 192 S.W.2d 68. That is illustrated by the Liquor Control Act which licenses the sale of intoxicating liquor on week days, but prohibits it entirely on Sundays.

. "The fact that the city is powerless to completely prohibit the sale of nonintoxicating beer does not necessarily mean that it may not partially prohibit such sale by confining the same to week days. It may as well be argued that because the city has no power to confiscate one's property by taxation it has no power to tax at all. Many legal regulations may amount to a partial prohibition or restriction of business."

We believe that the holding of the St. Louis Court of Appeals, as expressed in its opinion in City of Flat River v. Mackley, supra, that the liquor control act repeals by implication section 563.720 commonly known as the "Sunday Blue Law" because it contains the provision that it exempts the sale of nonintoxicating beer from any other law of this state in conflict with the provision of this article, is not the law.

We follow the opinion of the Supreme Court in Nickols v. North Kansas City, supra, which states that the Liquor Control Act is comprehensive but not all-inclusive.

We believe that the license to sell nonintoxicating beer, issued by the State, is not a contract but only a permit subject to reasonable regulation. The object of section 563.720, under which defendant was convicted is to enforce a cessation from labor on one day in seven in order to promote the health, peace and good order of society and is a valid exercise of the police power of the state. It does not condemn the sale of fermented liquors but it is the sale on Sunday that is condemned because that is a day designated by the statute as a day of rest.

Section 312.410 of Chapter 312 of the Liquor Control Act, relating to nonintoxicating beer was enacted for the purpose of control by licensing, those who deal in this commodity at all hours and all days and to raise revenue. This statute had nothing to do with the day of rest. We believe that the Springfield Court of Appeals was correct in its opinion in the Malone case when it said, "But a license does not permit one to sell on Sunday. * * * The privileges secured by a license do not include the right to disregard any valid existing law." We hold that such a license permit is subject to such regulations as may be provided by law. We hold that section 563.720, commonly called the "Sunday Blue Law", is not repugnant to section 312.410 of the Liquor Control Act; that by a fair interpretation of these two statutes they can stand together; that section 563.720 is not repealed by implication by the Liquor Control Act.

Judgment affirmed.

STONE and RUARK, JJ., concur.