Otha McCLURE, Respondent,

v.

George NOWICK, d/b/a George's Loan Office Appellant.

No. 24012.

Kansas City Court of Appeals.

Missouri.

Oct. 5, 1964.

Donald B. Clark, Campbell & Clark, Kansas City, for appellant.

Thomas J. Allen, Kansas City, for respondent.

MAUGHMER, Commissioner.

A jury was waived. The judgment was for plaintiff under both counts of his petition. Under Count I—an action in replevin —it was adjudged that plaintiff recover

possession of a television and record player set and $100 in damages for its wrongful detention. Under Count II the judgment was in the sum of $6.50 for usurious interest charged and collected, plus $250 attorney's fee. Defendant has appealed.

The facts are not materially disputed. The defendant at all times was licensed to and did operate the business of a pawnbroker at 1619–21 East 18th Street, Kansas City, Missouri. On or about August 12, 1959, plaintiff borrowed the sum of $25 from defendant and as security therefor pledged an Admiral 21-inch combination television set and record player. Although the maximum fee and interest[1] which a pawnbroker may charge under the Missouri law for a loan of $12.50 or more, is 2 percent per month, defendant charged plaintiff and plaintiff paid for the period from August 12, 1959, when the loan was made, until early in 1961, the sum of $40.00. For this period 17 interest payments of 2 percent or 50 cents per month would amount to $8.50. If this sum is added to the $25 principal, we find that there was due to defendant, principal and interest, the sum of $33.50 or $6.50 less than the $40 which plaintiff had paid.

On or about March 7, 1961, plaintiff's employer, Edward J. Edwards, appeared personally at defendant's pawnshop, stated that he was plaintiff's employer, presented the pawn ticket and demanded return of the pledged television set. Defendant refused to deliver possession and asserted that in addition to the payment of $25 principal, plaintiff owed $2.50 for each month during which the loan had been in effect. Plaintiff testified that he renewed the loan several times and each time was charged $2.50 per month—a charge of 10 percent each month rather than 2 percent. Defendant does not deny charging $2.50 per month. Defendant agrees that 2 percent is the maximum interest allowable but says that where bulky articles are pledged as security it is the custom of pawnbrokers to exact a storage fee and that in this instance a charge of $2.00 per month is reasonable.

■ On appeal defendant attacks the judgment generally as a whole and specifically as to each item thereof. He says first that although the exaction of usurious interest is a misdemeanor and the statutes forbid its collection, nevertheless such illegal payments are not recoverable under the common law, and since there is no Missouri statute authorizing the recovery thereof, the victim is without remedy. We can neither approve, accept nor adopt any such theory. Certainly equity will allow recovery of the usurious interest or the amount which was paid over and above the 2 percent per month authorized by the statute to be charged by pawnbrokers. Defendant says, second, no usurious rate was charged because the extra collected was for storage of the pledged property and his retention of possession was therefore lawful; third, the defendant asserts that the judgment is not in conformity with the statutory requirement for replevin actions because the judgment should give plaintiff the privilege of recovering either the article itself or the value thereof, and that there was no evidence as to the value of the article at the time of the trial. It is asserted, fourth, that there is no lawful authorization for the allowance of attorney's fee and there is no evidence upon which to base the allowance of $100 damages for unlawful retention.

It is defendant's position that the judgment under Count I is not in conformity with the requirements for an action in replevin as set forth in Section 533.140, V.A.M.S. This section provides:

"If the defendant fail in his defense, and have the property in possession, the

1. Section 367.021(2) V.A.M.S. "The maximum loan fee, and the maximum rate of interest which may be charged for making and carrying any secured personal credit loan, shall be a loan fee of twenty-five cents per month during the life of such loan, plus interest at a rate not exceeding two per cent per month on the amount of such loan in excess of twelve dollars and fifty cents."

court or jury shall assess the value of the property, and the damages for all injuries to the property, and for the taking and detention, or detention, of the same, and the judgment shall be against the defendant and his sureties, that he return the property or pay the value so assessed, at the election of the plaintiff, and, also, pay the damages so assessed and costs of suit. * * *"

The judgment here under Count I is not strictly in conformity with the direction of the statute that "he (defendant) return the property or pay the value so assessed, at the election of the plaintiff * * *". The judgment as entered is "that plaintiff have and recover * * * the possession of (the article), of the value of $350. * * *".

It was held in White v. McFarland, 148 Mo.App. 338, 128 S.W. 23, that a replevin judgment must be for the return of the property or for its value at the election of plaintiff. In Hopper v. Hopper, 84 Mo.App. 117, this court long ago ruled that the provision of the statute requiring the assessment of the value of the property in actions of replevin was enacted for the benefit of the plaintiff and he may waive compliance with such requirement. Here defendant does not deny that he has possession of the article. Plaintiff does not complain of the judgment for possession alone and may therefore be said to have elected to recover possession rather than the value of the withheld article.

■ It is true, as defendant asserts, that there was no real substantial evidence as to the value of the article at the time of the trial. There was evidence that its original cost was "over $350", and this is the figure described in the judgment as its value. Under the circumstances here we think plaintiff has elected to have judgment for possession and has waived his statutory right of election to have either possession or the value of the article. Therefore the fact that the judgment form is not strictly in conformity with the statute and the fact

that the value of $350 is unsupported by substantial evidence that such was its value at the time of trial, do not constitute such a departure as to require reversal of the judgment since defendant thereby suffered no genuine impairment of rights. The damages of $100 for retention of an article worth $350 new for a period of many months is not in our opinion, excessive. We believe that the $100 assessed as damages for unlawful retention is not in an unreasonable amount and it may stand.

■ We have no difficulty in concluding that plaintiff may recover the payments made which exceed the combined total of principal $25 and interest of 2 percent each month. There is no question but that plaintiff was charged and paid usurious interest or interest exceeding that authorized to be charged by pawnbrokers under Section 367.021(2) V.A.M.S. supra. We do not believe that a pownbroker can exact a payment five times greater than that allowed under the law simply by calling the excess a charge for storage. We quote the following statement from 91 C.J.S. Usury § 94 pp. 680, 681:

"The common-law doctrine is that the debtor may recover payments made on a loan in excess of the legal rate of interest. According to this doctrine such payments are not deemed voluntary, or the debtor to be in pari delicto in making them. Hence, unless the statute prohibits recovery in a particular case, an action to recover such usurious excess will lie under the common-law rule. Likewise, an action will lie under statutes providing for the recovery of usurious interest, if the transaction comes within the terms of the statute, it being held that such statutes are not contrary to public policy, that the remedies given thereby do not supplant the common-law right, but are cumulative, and that the repeal of a statute giving a right to recover usury paid leaves the common-law right unimpaired".

We rule all assignments against appellant-defendant except as to that part of the judgment allowing recovery of the $250 attorney's fee. Section 408.050, V.A.M.S. provides that if a borrower of money is charged interest in excess of 8 percent he may recover the excess and in addition "* * * the costs of suit, *including a reasonable attorney's fee to be determined by the court*". However, this statute is not applicable to pawnbrokers and pawnbroker loans which subject is completely covered and regulated by Sections 367.010–060, V.A.M.S. This court in Vining v. Probst, 239 Mo.App. 157, 186 S.W.2d 611, 615, held that when the legislature enacted laws dealing with a subject in a minute and particular manner it would prevail over a statute of a general nature. The court held further that the provisions of our "Small Loan Laws" prevail over the general interest laws.

Counsel for plaintiff has not pointed out nor have we been able to find any statute authorizing the allowance of attorney fees in this type of case. In 77 C.J.S. Replevin § 282, p. 207, this statement is made:

"In the absence of statutory provision therefor, attorney's fees for services rendered for the prevailing party in the replevin suit are generally not allowed in that action, even though such fees were incurred in pursuit of the property in controversy, unless there has been fraud, malice, oppression, or willful wrong, authorizing the recovery of exemplary damages".

Then in 20 C.J.S. Costs § 218, p. 455, Attorney's Fees, it is declared as follows:

"Outside of exceptional cases in courts of equity, attorney's fees are allowable or taxable as costs only by virtue of express authority conferred by statute, agreement, or stipulation".

It may be that in the present type of case, exemplary damages might be recoverable upon a proper showing but the judgment does not purport to allow such damages and although plaintiff asked for them he has not appealed from the nonallowance thereof. Even in a suit upon a promissory note, attorney's fees are not allowable unless the contract or note specifically authorizes their allowance. The general rule is that unless the statutes or the agreement itself provides for attorney's fees, same are not recoverable.

Therefore the judgment is reversed as to the $250 allowance for attorney's fee and affirmed in all other respects. The cause is remanded with directions to modify and enter judgment accordingly.

SPERRY, C., concurs.

PER CURIAM.

The foregoing opinion of MAUGHMER, C., is adopted as the opinion of the Court.

All concur.