**Johnny ROSE, Claimant–Appellant,**

v.

**FALCON COMMUNICATIONS, INC., Respondent–Respondent.**

No. 23064.

Missouri Court of Appeals,
Southern District,
Division One.

Dec. 14, 1999.

**430**

Michael Moroni, Bloomfield, for appellant.

Dale E. Gerecke, Cape Girardeau, for respondent.

KENNETH W. SHRUM, Judge.

In this workers' compensation case, Johnny Rose (Claimant)—acting without an attorney—settled a third-party claim that arose out of the same occurrence that led to his workers' compensation claim. Claimant then sought to recover a "reasonable attorney fee" from his employer under § 287.150,[1] as an expense incurred in settling the third-party claim. The Labor and Industrial Relations Commission (Commission) concluded that Claimant could not recover an attorney fee under such circumstances. The issue we must decide is whether a workers' compensation claimant who settles a third-party claim without an attorney is entitled to have an attorney fee imputed when calculating the employer's subrogation lien amount. We conclude that a claimant is not so entitled. We affirm the award of the Commission.

Claimant was injured during his lunch hour when a co-worker struck him with a pickup truck. Claimant's employer, Falcon Communications, Inc., (Falcon) refused to voluntarily provide workers' compensation benefits on the theory that the accident did not arise out of and in the

course of Claimant's employment. While his workers' compensation claim was pending, Claimant entered into a settlement with his co-worker's automobile liability insurance carrier for $50,000, the policy limit. Claimant settled this claim without a lawyer.

Ultimately, an Administrative Law Judge (ALJ) entered an award favorable to Claimant for $45,379.13 on his workers' compensation claim. However, the ALJ also gave Falcon full credit for the third-party settlement amount, i.e., $50,000. Consequently, the ALJ found that Falcon did not owe Claimant any compensation. The ALJ also rejected Claimant's argument that Falcon should be credited with only $33,333.33 of the third-party settlement. Claimant argued that Falcon's credit for the third-party recovery should have been reduced by one-third, or $16,666.67, because Claimant was entitled to impute a one-third attorney fee as an expense of settling the third-party claim. Claimant insisted this was true even though he had not actually incurred any such fee. Had Falcon's third-party recovery credit been reduced as urged by Claimant, Falcon would have owed Claimant $12,045.80 in compensation.

After the ALJ rendered its decision, Claimant appealed to the Commission. The Commission rejected Claimant's arguments for an imputed attorney fee and affirmed the ALJ's decision. This appeal followed.

■ Claimant argues that the Commission erred as a matter of law in refusing to impute a one-third attorney fee as described above. He insists that imputation of the fee was authorized by the "plain language of the subrogation statute (RSMo 287.150)."

In pertinent part, § 287.150 provides:

"3. Whenever recovery against the third person is effected by the employee ..., the employer shall pay from his

1. All statute references are to RSMo 1994 unless otherwise indicated.

share of the recovery a proportionate share of the expenses of the recovery, including a reasonable attorney fee. *After the expenses and attorney fee have been paid, the balance of the recovery shall be apportioned between the employer and the employee . . . .*" (Emphasis added.)

Claimant characterizes this statute as meaning that an employer always must pay an attorney fee out of the third-party recovery. His argument proceeds as follows:

"Because a comma was used before 'include' [sic] the phrase attorney fee refers to the entire sentence and not just expenses of the recovery. *Application of Graham*, 239 Mo.App. 1036, 199 S.W.2d 68, 74–5 (1946)[.] It follows that the statute directs that the employer pay an attorney fee irrespective of other expenses. Since the statute says that an employer is to pay an attorney fee from the recovery it is proper to impute a one third fee because that was the fee in *Ruediger v. Kallmeyer Brothers Service*, 501 S.W.2d 56 (Mo.[banc] 1973) (the seminal case on the subrogation issue). For example, if the claimant had been an attorney, he could have legitimately apportioned the usual contingent fee against the third party settlement for his efforts in obtaining the settlement. The attorney fee would have to have been offset under the statute. The attorney would have earned the fee. Since a person has a constitutional right to act as his own lawyer, [citations omitted], it follows that he is entitled to the fee the same as a lawyer because he earned it. That is the situation in this case, and the fee must be imputed."

■ We disagree. Appellate courts must give effect to statutes as they are written. *McDermott v. Carnahan*, 934 S.W.2d 285, 287[4] (Mo.banc 1996). Statutes are to be given a common-sense and practical interpretation. *Concord Publ'g House, Inc. v. Director of Revenue*, 916 S.W.2d 186, 194[15] (Mo.banc 1996). In construing a statute, a court must endeavor to suppress the mischief sought to be cured thereby, repress subtle inventions and evasions for the continuance of that mischief, and advance the remedy intended by the legislature. *Vining v. Probst*, 239 Mo.App. 157, 186 S.W.2d 611, 615[6] (Mo. App.1945).

■ The "evil" or "mischief" the legislature sought to cure by enacting § 287.150 was "double recovery" by an injured employee, i.e., recovery from both a third-party tortfeasor and from an employer. *Akers v. Warson Garden Apartments*, 961 S.W.2d 50, 56 (Mo.banc 1998); *Schumacher v. Leslie*, 360 Mo. 1238, 232 S.W.2d 913, 919 (banc 1950). "It is elementary that a claimant should not be allowed to keep the entire amount both of his compensation award and his common law damage recovery." *Knox v. Land Const. Co.*, 345 S.W.2d 244, 247 (Mo.App.1961), *overruled on other grounds in Ruediger*, 501 S.W.2d at 59.

■ Claimant's argument that a nonexistent attorney fee should be imputed when figuring Falcon's subrogation lien amount focuses exclusively on the first sentence of § 287.150.3 and disregards the second sentence. This approach ignores the time-honored rule that when a court considers the meaning of legislation, it must not be guided by a single sentence but should look to the provisions of the whole law and its object and policy. *Williams v. Missouri Dep't of Soc. Serv.*, 978 S.W.2d 491, 494[5] (Mo.App.1998). The second sentence of § 287.150.3 describes the method for apportioning third-party recovery *"after the expenses and attorney fee have been paid."* Read in the context of the whole law and its object and policy of avoiding double recovery, this provision is a clear and unambiguous expression of the legislature's intent to require an employer to pay an attorney fee in connection with a claimant's recovery of damages from a third-party tortfeasor *only when the claimant has actually in-*

*curred and paid such a fee.* We reject any notion that this statute is ambiguous on this issue. Since Claimant did not actually incur an attorney fee in effecting his recovery against the third-party tortfeasor, no such fee should be deducted under the formula prescribed in *Ruediger.* The Commission did not misapply or misinterpret the law in so holding.

In reaching this conclusion, we have not ignored Claimant's argument that this case does not involve a double recovery. Claimant's premise for this argument is that § 287.150.3 "assumes that [an attorney] fee will be paid" any time a claim is successfully asserted against a third-party tortfeasor. He argues that § 287.150.3 contemplates such a payment regardless of whether the recovery is effected by the employee or employer. According to Claimant, if Falcon had pursued the third-party tortfeasor, Falcon would have paid a one-third attorney fee. This would have produced an offset against Claimant's third-party recovery so that Claimant would have realized only $33,333.33 from that source. Under this hypothesis, Falcon would owe Claimant a balance of $12,045.80 on his workers' compensation award. Claimant argues, therefore, that imputing an attorney fee for his effort in settling the third-party claim would leave Falcon no worse off. Relying on the principle that the workers' compensation law is to be construed liberally to resolve all doubts in favor of the employee, *Cook v. Sunnen Products Corp.,* 937 S.W.2d 221, 223[1] (Mo.App.1996); § 287.800, Claimant contends that "if anyone is to be better off, it should be the employee. Therefore, an attorney fee must be imputed."

Liberal application of workers' compensation law does not extend to the point of authorizing a claim that lacks an essential element required by law. *Sanders v. St. Clair Corp.,* 943 S.W.2d 12, 17[9] (Mo.App. 1997). Nothing in the language of § 287.150.3, even when read liberally, supports Claimant's assertion that § 287.150.3 "assumes ... [an attorney] fee will be paid" in any instance where a third-party recovery is effected. While innovative, Claimant's argument falls within the category of "subtle invention and evasion for the continuance of the mischief" of double recovery. Claimant's point is denied.

The award of the Labor and Industrial Relations Commission is affirmed.

CROW, P.J., concurs.

PARRISH, J., concurs.